

Teodor Campeanu, *Pro Se*
c/o 12229 S. Hamlin Avenue
Alsip, Illinois [60803]
708-388-2406

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Teodor Campeanu,<br>Acting as Agent for TEODOR CAMPEANU<br><br>        Plaintiff(s),<br><br>Vs.<br><br>NEW CENTURY MORTGAGE<br>CORPORATION,<br>18400 Von Karman Avenue, Suite 1000<br>IRVINE, CA. 92612<br>*And;*<br>CARRINGTON MORTGAGE SERVICES<br>LLC<br>599 West Putnam Avenue<br>GREENWICH, CT 06830<br>DOES I thru X,<br>*Et. Al.*<br><br>        Defendant(s). | ) **08CV4944**<br>) **JUDGE GOTTSCHALL**<br>) **MAGISTRATE JUDGE ASHMAN**<br>)<br>)<br>)<br>)<br>)<br>) **COMPLAINT AND**<br>) **PETITION FOR SUMMARY JUDGMENT**<br>) **AND INJUNCTIVE RELIEF FROM**<br>) **FORECLOSURE ON PROPERTY**<br>)<br>)<br>)<br>) **RECEIVED**<br>) Aug, 29, 2008<br>) AUG 2 9 2008  **TC**<br>) **MICHAEL W. DOBBINS**<br>) **CLERK, U.S. DISTRICT COURT** |

## COMPLAINT FOR VIOLATIONS OF FEDERAL AND STATE LAW FOR ILLEGAL

## FORECLOSURE ACTIONS

### I

### INTRODUCTION AND NATURE OF THE CASE

1    **COMES NOW**, Teodor Campeanu, Plaintiff in this action, seeks a summary judgment

2   and injunctive relief, as set forth below,  in that the Defendants, *et. al.* have failed to provide

3   evidence of their legal rights under Federal and State law to foreclose upon the Property of the

4   Plaintiff.  Plaintiff alleges that the Defendants are conspiring against Plaintiff to steal his

5   Property without due process of law.  Plaintiff submits a Memorandum of Law and Points of

6   Authorities in support of the Complaint, herein attached.

7

8

9                                    **II**

10                              **THE PARTIES**

11   1.  Teodor Campeanu is the Plaintiff is an individual residing at 12229 S. Hamlin

12       Avenue Alsip, Illinois [60803].

13   2.  The Property ("Property") that is of the subject matter foreclosure and is located at

14       536 E. 166th Place, South Holland, Illinois, with the Parcel Number being 29-22-409-

15       024-0000 ("UPIN").

16   3.  Defendant NEW CENTURY MORTGAGE CORPORATION ("New Century") is the

17       *Lender of record* and beneficiary and is a corporation with its principal offices at

18       18400 Von Karman Avenue, Suite 1000, IRVINE, CA. 92612.  This Defendant by

19       records of the Secretary of State of the Nevada is a registered foreign corporation.

20   4.  Defendant CARRINGTON MORTGAGE SERVICES LLC ("Carrington") is the

21       *Servicer of record* of the Mortgage and is a corporation with its principal offices at

22       599 West Putnam Avenue, GREENWICH, CT 06830.  This Defendant by records of

23       the Secretary of State of the Nevada is a registered foreign corporation.

24

25

26

## III

## JURISDICTION

5.  The Plaintiff re-alleges and incorporates by reference herein paragraphs 1-4 above. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) and (a)(1). Diversity of citizenship; amount in controversy; costs

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States; The district court shall have jurisdiction of the application

## IV

## STATEMENT OF FACTS AND ALLEGATIONS

6.  The Plaintiff re-alleges and incorporates by reference herein paragraphs 1-5 above.

7.  Plaintiff asks the Court to take judicial notice of the fact that Plaintiff is without counsel, is not schooled in the law and legal procedures, and is not licensed to practice law; therefore, his pleadings must be read and construed liberally. See *Holmes v. Kerner*, 404 US at 520(1980); *Bird v. Estelle*, 660 F.2d 592(1981); *National Labor Board v. Tri-State Transport Corp.*, 649 F.2d 993(1984); *U.S. v. Michael R. Dougherty*, 473 F.2d 1113; *Frank X. Lo Sacco v. Debra Young*, 564 A.2d 610; and *Robert F. Maloney Sr. v. Susan H. Maloney*, 533 A.2d 1169(1989).

8.  Plaintiff believes that this court has a responsibility and legal duty to protect any and all of Plaintiff's constitutional and statutory rights. See *U.S. v. Lee*, 106 U.S. 196, 220 (1882).

9. Defendants are attempting to steal Plaintiff's Property by way of an illegal foreclosure action.

10. On or about January 27, 2008, Plaintiff upon good faith and clean hands and at arm's length issued to the New Century and Carrington a negotiable instrument, a Note, pursuant to and in compliance with Illinois Commercial Code ("ICC") ("810 ILCS5/"), Article 3 and the Uniform Commercial Code ('UCC") Article 3 – "Negotiable Instruments §3-104 *et. Seq.*, in which to pay a debt. In as much as no lawful money of account exists in circulation, and by instruction of Acts of Congress, had to resort to tendering a negotiable instrument in order to be in compliance with the demand for payment of a debt. The lawfully issued Note has never been returned to the Plaintiff, in most arenas' considered a condition of acceptance. Notice of Dishonor is required pursuant to 810 ILCS5/§3-503 and UCC §3-503, and excused pursuant to 810 ILCS5/§3-504 and UCC §3-504.

11. Plaintiff has received correspondence from New Century and Carrington stating that the negotiable instrument tendered is an invalid or illegal form of payment, but has failed to provide the law or case law in which states and/or supports their claim. An argument to be sufficiently effective it must be proven.

12. Upon New Century and Carringtons' refusal to assist or negotiate assistance, as last result Plaintiff issued a demand for proof that Defendants are Holders In Due Course in which they are the holder of the original Note and legal owner of the mortgage. Under law, the rights of an entity subject to the Holder in Due Course pursuant to UCC §3-302 are required to prove those rights to foreclose and the person *must* be the holder of the Note. The Defendants have failed to answer or respond to Plaintiffs

demands for proof of the holder of the Note. The Plaintiff, in the name of justice and fairness provided to New Century and Carrington two (2) offers of settlement of the dispute. Defendants ignored Plaintiffs request, inquiries and attempts to resolve the controversy, forcing Plaintiff to initiate this action.

13. Plaintiff seeks relief from foreclosure to set aside foreclosure actions under the premise of the Defendants failure of proving of the rights of the Holder of the Note and that remaining silent where there is an obligation to respond is a condition of fraud.

## V

## CAUSE OF ACTION

## FIRST CAUSE OF ACTION

14. The Plaintiff re-alleges and incorporates by reference herein paragraphs 1-13 above.

15. Plaintiff believes and has reasonable grounds to believe the Defendants do not have the legal rights as the Holder in Due Course, as provided by UCC §3-302 and 810 ILCS5/§3-302 to foreclose on said Property.

16. Plaintiff believes and has reasonable grounds to believe the Defendants cannot produce the original Note which gives rise the rights of the Holder in Due Course to foreclose on said Property.

17. Plaintiff believes and has reasonable grounds to believe that Defendants are and were obligated to respond to Plaintiffs demands and inquiries pursuant to the terms of the Deed of Trust, to resolve the dispute in an honorable fashion, but have chosen to remain silent and hide from the truth with unclean hands.

18. Plaintiff alleges that the Defendant have failed to prove their rights as a Holder in Due Course to effectuate foreclosure actions against Plaintiff.

## SECOND CAUSE OF ACTION

19. The Plaintiff re-alleges and incorporates by reference herein paragraphs 1-18 above.

20. Plaintiff alleges that a plausible dispute exists between the Plaintiff and the Defendants concerning the rights to the Property under foreclosure actions.  As a consequence of this dispute, an actual and justiciable controversy exists between the Plaintiff and the Defendants.

## VI

## PRAYER

**WHEREFORE**, the Plaintiff requests that the Court enter judgment and:

a.  Grant a Summary Judgment in favor of the Plaintiff pursuant to Federal Rules of Civil Procedure Rules 56 and 58.

b.  Bar the Defendants from and set aside the foreclosure actions.

c.  Order the Defendants remove any and all derogatory statements from Plaintiffs credit reports.

d.  Order the reconveyance of the Deed of said Property to the Plaintiff pursuant to Federal Rules of Civil Procedure Rule 70.

1 | Respectfully submitted, All rights Reserved, Without Prejudice

2 | UCC 1-308

Teodor Campeanu, *Pro Se*
c/o 12229 S. Hamlin Avenue
Alsip, Illinois [60803]
708-388-2406

# EXHIBIT "A"

# EXHIBIT "A"



# STATE OF NEW JERSEY

## DEPARTMENT OF BANKING AND INSURANCE
### DIVISION OF BANKING

**ORDER NO.  E07-0231**

IN THE MATTER OF:

NEW CENTURY MORTGAGE
CORPORATION, Ref. No. 9823019
VITO DESTITO, Ref. No. 9938037
AND PATRICIA L. REYES,
Ref. No. 0520172

)
)
)
)
)
)
)
)

**ORDER
TO CEASE AND DESIST
AND TO TAKE CERTAIN ACTIONS
&
ORDER TO SHOW CAUSE
WHY LICENSES SHOULD
NOT BE REVOKED**

TO:   New Century Mortgage Corporation
50 Tice Boulevard, Suite 110
Woodcliff Lake, NJ 07677

Vito Destito
New Century Mortgage Corporation
50 Tice Boulevard, Suite 110
Woodcliff Lake, NJ 07677

Patricia L. Reyes
New Century Mortgage Corporation
50 Tice Boulevard, Suite 110
Woodcliff Lake, NJ 07677

Bradley Alexander Morrice, President, CEO
New Century Mortgage Corporation
18400 Von Karman, Suite 1000
Irvine, CA 92612-0516

Kevin Cloyd, Executive Vice President
New Century Mortgage Corporation
18400 Von Karman, Suite 1000
Irvine, CA 92612-0516

Patti M. Dodge, Chief Financial Officer
New Century Mortgage Corporation
18400 Von Karman, Suite 1000
Irvine, CA 92612-0516

Stergios Theologides, Secretary
New Century Mortgage Corporation
18400 Von Karman, Suite 1000
Irvine, CA 92612-0516

**THIS MATTER** having been opened by the Commissioner of Banking and Insurance ("the Commissioner"), upon information that New Century Mortgage Corporation ("New Century"), a licensed lender with mortgage banker and secondary lending authorities pursuant to the New Jersey Licensed Lenders Act (the "Act"), N.J.S.A. 17:11C-1 et seq., and Vito Destito ("Destito") and Patricia L. Reyes ("Reyes"), both of whom being individual licensees of New Century, have engaged in conduct in violation of the Act warranting issuance of this Order to Cease and Desist and to Take Certain Actions and Order to Show Cause Why Licenses Should not be Revoked (collectively referred to as "this Order"); and

**IT APPEARING** that Bradley Alexander Morrice, Kevin Cloyd, Patti M. Dodge, and Stergios Theologides are persons on record with the Commissioner as officers, directors, or principals of, or persons with a controlling interest in New Century; and

## COUNT ONE

**IT APPEARING** that New Century, Destito, and Reyes have failed to disburse funds after a mortgage loan closing as required by approximately 59 agreements it has entered into with New Jersey resident mortgage loan customers, in violation of N.J.S.A. 17:11C-22h, with each such failure to disburse representing a separate violation of N.J.S.A. 17:11C-22h;

## COUNT TWO

**IT FURTHER APPEARING** that New Century, Destito, and Reyes have failed to deliver mortgage loan funds within the required time after a mortgage loan closing with respect to approximately 59 agreements New Century has entered into with New Jersey resident mortgage loan customers, in violation of N.J.S.A. 17:11C-22i, with each such failure representing a separate violation of N.J.S.A. 17:11C-22i;

## COUNT THREE

**IT FURTHER APPEARING** that New Century, Destito and Reyes have taken approximately 451 pending mortgage loan applications from New Jersey mortgage loan customers that have not closed (hereinafter referred to as the "Loans in the Pipeline") and that New Century knew or should have known it would be unable to process through to closing and funding in accordance with the mortgage agreements, thereby misrepresenting or concealing a material particular of the transaction in violation of N.J.S.A. 17:11C-22g, with each such misrepresentation or concealment representing a separate violation of N.J.S.A. 17:11C-22g;

## COUNT FOUR

**IT FURTHER APPEARING** that New Century has become insolvent, in violation of N.J.S.A. 17:11C-18a(4); and

**WHEREAS**, effective March 8, 2007, New Century has voluntarily agreed to take actions substantially similar to sections 1 through 6 of this Order;

**NOW, THEREFORE**, in accordance with authority provided at N.J.S.A. 17:1-15g, **IT IS**, on this 13th day of March 2007, **ORDERED** that:

A.   **ORDER TO CEASE AND DESIST**

1.   New Century, Destito, and Reyes shall immediately **CEASE AND DESIST** from closing loans without available funding, for New Jersey mortgage loan customers;

2.   New Century, Destito, and Reyes shall immediately **CEASE AND DESIST** from taking any new applications in New Jersey until further notice from the Commissioner;

B.   **ORDER TO TAKE CERTAIN ACTIONS**

3.   New Century, Destito, and Reyes shall immediately **TAKE ACTION** to fund those New Jersey loans that have closed without funding or to redirect such loans to a viable alternative funding source;

4.   New Century, Destito, and Reyes shall immediately **TAKE ACTION** to secure a viable funding source for the Loans in the Pipeline before proceeding any further with such loans or to redirect the Loans in the Pipeline to a viable alternative lender;

5.   New Century, Destito, and Reyes shall immediately **TAKE ACTION**, on a daily basis, to provide to the Commissioner a daily report, in electronic format, with all such information as the Commissioner may require, including where appropriate proof of funding (by Federal ID Wire Number), detailing the status of all loans closed but not funded;

6.   New Century, Destito, and Reyes shall immediately **TAKE ACTION**, on a daily basis, to provide to the Commissioner a daily report, in electronic format, with all such information as the Commissioner may require, detailing the status of each Loan in the Pipeline;

7.   Failure to comply with the terms of this Order shall subject New Century, Destito, and Reyes to further administrative proceedings pursuant to N.J.S.A. 17:11C-18 and N.J.S.A. 17:11C-48; and

**IT IS PROVIDED** that New Century, Destito, and Reyes shall have the right to request an administrative hearing pursuant to the Administrative Procedures Act, N.J.S.A. 52:14B-1 et seq., as to the terms of sections 1 through 7 of this Order; and

C.    **ORDER TO SHOW CAUSE - LICENSE REVOCATION**

8.    New Century, Destito, and Reyes shall appear and show cause why their licensed lenders licenses should not be **REVOKED** pursuant to N.J.S.A. 17:11C-43 and N.J.S.A. 17:11C-18(a)(1) for such violations;

9.    New Century, Destito, and Reyes shall appear and show cause why they should not be jointly and severally liable for administrative **PENALTIES** for such violations of the Act pursuant to N.J.S.A. 17:11C-48; and

**IT IS FURTHER PROVIDED** that unless a request for a hearing on sections 1 through 9 of this Order is received within twenty (20) days of receipt of this Order, the right to a hearing in this matter shall be deemed to have been waived by New Century, Destito and Reyes, and the Commissioner may dispose of this matter by issuing a final order pursuant to law.

A hearing may be requested by mailing the request to:

Leona B. Joyner, Chief of Enforcement
Office of Consumer Finance
Department of Banking and Insurance
P.O. Box 040
Trenton, New Jersey 08625-0040

The request shall contain:

(1)    Your name, address and daytime telephone number;

(2)    A copy of this Order;

(3)    A statement requesting a hearing;

(4)    A specific admission or denial of each fact alleged in this Order. Where the licensee has no specific knowledge regarding a fact alleged in the Order, a statement to that effect must be contained in the hearing request. Allegations of this Order not answered in the manner set forth above shall be deemed to have been admitted; and

(5)    A concise statement identifying any factual or legal defense intended to be asserted in response to each charge in this Order. Where the defense relies on facts not contained in the Order, those specific facts must be stated.

STEVEN M. GOLDMAN, COMMISSIONER
NEW JERSEY DEPARTMENT OF BANKING AND INSURANCE

4

# EXHIBIT "B"

EXHIBIT "B"

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

EXHIBIT  **X**

Total of  **6**  page(s)

| | |
|---|---|
| **IN RE FORECLOSURE CASES** | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

**CASE NO. NO.1:07CV2282**
07CV2532
07CV2560
07CV2602
07CV2631
07CV2638
07CV2681
07CV2695
07CV2920
07CV2930
07CV2949
07CV2950
07CV3000
07CV3029

**JUDGE CHRISTOPHER A. BOYKO**


**OPINION AND ORDER**

**CHRISTOPHER A. BOYKO, J.**:

On October 10, 2007, this Court issued an Order requiring Plaintiff-Lenders in a
number of pending foreclosure cases to file a copy of the executed Assignment demonstrating
Plaintiff was the holder and owner of the Note and Mortgage *as of the date the Complaint
was filed*, or the Court would enter a dismissal. After considering the submissions, along
with all the documents filed of record, the Court dismisses the captioned cases without
prejudice. The Court has reached today's determination after a thorough review of all the
relevant law and the briefs and arguments recently presented by the parties, including oral

arguments heard on Plaintiff Deutsche Bank's Motion for Reconsideration. The decision, therefore, is applicable from this date forward, and shall not have retroactive effect.

## LAW AND ANALYSIS

A party seeking to bring a case into federal court on grounds of diversity carries the burden of establishing diversity jurisdiction. *Coyne v. American Tobacco Company*, 183 F. 3d 488 (6th Cir. 1999). Further, the plaintiff "bears the burden of demonstrating standing and must plead its components with specificity." *Coyne*, 183 F. 3d at 494; *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464 (1982). The minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. *Valley Forge*, 454 U.S. at 472. In addition, "the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted." *Coyne*, 183 F. 3d at 494 (quoting *Pestrak v. Ohio Elections Comm'n*, 926 F. 2d 573, 576 (6th Cir. 1991)). To satisfy the requirements of Article III of the United States Constitution, the plaintiff must show he has *personally suffered some actual injury* as a result of the illegal conduct of the defendant. (Emphasis added). *Coyne*, 183 F. 3d at 494; *Valley Forge*, 454 U.S. at 472.

In each of the above-captioned Complaints, the named Plaintiff alleges it is the holder and owner of the Note and Mortgage. However, the attached Note and Mortgage identify the mortgagee and promisee as the original lending institution — one other than the named Plaintiff. Further, the Preliminary Judicial Report attached as an exhibit to the Complaint makes no reference to the named Plaintiff in the recorded chain of title/interest. The Court's Amended General Order No. 2006-16 requires Plaintiff to submit an affidavit along with the Complaint, which identifies Plaintiff either as the original mortgage holder, or as an assignee,

-2-

trustee or successor-in-interest. Once again, the affidavits submitted in all these cases recite the averment that Plaintiff is the owner of the Note and Mortgage, without any mention of an assignment or trust or successor interest. Consequently, the very filings and submissions of the Plaintiff create a conflict. In every instance, then, Plaintiff has not satisfied its burden of demonstrating standing at the time of the filing of the Complaint.

Understandably, the Court requested clarification by requiring each Plaintiff to submit a copy of the Assignment of the Note and Mortgage, executed as of the date of the Foreclosure Complaint. In the above-captioned cases, *none* of the Assignments show the named Plaintiff to be the owner of the rights, title and interest under the Mortgage at issue as of the date of the Foreclosure Complaint. The Assignments, in every instance, express a present intent to convey all rights, title and interest in the Mortgage and the accompanying Note to the Plaintiff named in the caption of the Foreclosure Complaint upon receipt of sufficient consideration on the date the Assignment was signed and notarized. Further, the Assignment documents are all prepared by counsel for the named Plaintiffs. These proffered documents belie Plaintiffs' assertion they own the Note and Mortgage by means of a purchase which pre-dated the Complaint by days, months or years.

Plaintiff-Lenders shall take note, furthermore, that prior to the issuance of its October 10, 2007 Order, the Court considered the principles of "real party in interest," and examined Fed. R. Civ. P. 17 — "Parties Plaintiff and Defendant; Capacity" and its associated Commentary. The Rule is not *apropos* to the situation raised by these Foreclosure Complaints. The Rule's Commentary offers this explanation: "The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the

-3-

proper party to sue is difficult or when an understandable mistake has been made. ... It is, in

cases of this sort, intended to insure against forfeiture and injustice ..." Plaintiff-Lenders do

not allege mistake or that a party cannot be identified. Nor will Plaintiff-Lenders suffer

forfeiture or injustice by the dismissal of these defective complaints otherwise than on the

merits.

Moreover, this Court is obligated to carefully scrutinize all filings and pleadings in

foreclosure actions, since the unique nature of real property requires contracts and

transactions concerning real property to be in writing. R.C. § 1335.04. Ohio law holds that

when a mortgage is assigned, moreover, the assignment is subject to the recording

requirements of R.C. § 5301.25. *Creager v. Anderson* (1934), 16 Ohio Law Abs. 400

(interpreting the former statute, G.C. § 8543). "Thus, with regards to real property, before an

entity assigned an interest in that property would be entitled to receive a distribution from the

sale of the property, their interest therein must have been recorded in accordance with Ohio

law." *In re Ochmanek*, 266 B.R. 114, 120 (Bkrtcy.N.D. Ohio 2000) (citing *Pinney v.

Merchants' National Bank of Defiance*, 71 Ohio St. 173, 177 (1904).[1]

This Court acknowledges the right of banks, holding valid mortgages, to receive

timely payments. And, if they do not receive timely payments, banks have the right to

properly file actions on the defaulted notes — seeking foreclosure on the property securing

the notes. Yet, this Court possesses the independent obligations to preserve the judicial

integrity of the federal court and to jealously guard federal jurisdiction. Neither the fluidity of

---

[1] Astoundingly, counsel at oral argument stated that his client, the purchaser from the original mortgagee,
acquired complete legal and equitable interest in land when money changed hands, even before the
purchase agreement, let alone a proper assignment, made its way into his client's possession.

the secondary mortgage market, nor monetary or economic considerations of the parties, nor
the convenience of the litigants supersede those obligations.

Despite Plaintiffs' counsel's belief that "there appears to be some level of
disagreement and/or misunderstanding amongst professionals, borrowers, attorneys and
members of the judiciary," the Court does not require instruction and is not operating under
any misapprehension. The "real party in interest" rule, to which the Plaintiff-Lenders
continually refer in their responses or motions, is clearly comprehended by the Court and is
not intended to assist banks in avoiding traditional federal diversity requirements.[2] Unlike
Ohio State law and procedure, as Plaintiffs perceive it, the federal judicial system need not,
and will not, be "forgiving in this regard."[3]

---

[2]

Plaintiff's reliance on Ohio's "real party in interest rule" (ORCP 17) and on any Ohio case citations is
misplaced. Although Ohio law guides federal courts on substantive issues, state procedural law cannot be
used to explain, modify or contradict a federal rule of procedure, which purpose is clearly spelled out in
the Commentary. "In federal diversity actions, state law governs substantive issues and federal law
governs procedural issues." *Erie R.R. Co. v. Tompkins*, 304 U.S. 63 (1938); *Legg v. Chopra*, 286 F. 3d
286, 289 (6th Cir. 2002); *Gafford v. General Electric Company*, 997 F. 2d 150, 165-6 (6th Cir. 1993).

[3]

Plaintiff's, "Judge, you just don't understand how things work," argument reveals a condescending
mindset and quasi-monopolistic system where financial institutions have traditionally controlled, and still
control, the foreclosure process. Typically, the homeowner who finds himself/herself in financial straits,
fails to make the required mortgage payments and faces a foreclosure suit, is not interested in testing state
or federal jurisdictional requirements, either *pro se* or through counsel. Their focus is either, "how do I
save my home," or "if I have to give it up, I'll simply leave and find somewhere else to live."

In the meantime, the financial institutions or successors/assignees rush to foreclose, obtain a
default judgment and then sit on the deed, avoiding responsibility for maintaining the property while
reaping the financial benefits of interest running on a judgment. The financial institutions know the law
charges the one with title (still the homeowner) with maintaining the property.

There is no doubt every decision made by a financial institution in the foreclosure process is
driven by money. And the legal work which flows from winning the financial institution's favor is highly
lucrative. There is nothing improper or wrong with financial institutions or law firms making a profit
to the contrary , they should be rewarded for sound business and legal practices. However, unchallenged
by underfinanced opponents, the institutions worry less about jurisdictional requirements and more about
maximizing returns. Unlike the focus of financial institutions, the federal courts must act as gatekeepers,
assuring that only those who meet diversity and standing requirements are allowed to pass through.
Counsel for the institutions are not without legal argument to support their position, but their
arguments fall woefully short of justifying their premature filings, and utterly fail to satisfy their standing

## CONCLUSION

For all the foregoing reasons, the above-captioned Foreclosure Complaints are

dismissed without prejudice.

**IT IS SO ORDERED.**

**DATE: October 31, 2007**

                                    S/Christopher A. Boyko
                                    **CHRISTOPHER A. BOYKO**
                                    **United States District Judge**

---

and jurisdictional burdens. The institutions seem to adopt the attitude that since they have been doing this for so long, unchallenged, this practice equates with legal compliance. Finally put to the test, their weak legal arguments compel the Court to stop them at the gate.

The Court will illustrate in simple terms its decision: "Fluidity of the market"        "X" dollars, "contractual arrangements between institutions and counsel"  ---   "X" dollars, "purchasing mortgages in bulk and securitizing"  —  "X" dollars, "rush to file, slow to record after judgment"  —  "X" dollars, "the jurisdictional integrity of United States District Court"  —  "Priceless."

# EXHIBIT "C"

EXHIBIT "C"

2008-07-18 23:02          >>    8666784126                                    P 1/4

*Recording Requested by:*

*When Recorded Return to:*

Teodor: Campeanu
c/o 12229 S. Hamlin Avenue
Alsip. Illinois [60803]

**UPIN: 29-22-409-024-0000**

Doc#:   0818247066 Fee: $42.50
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 06/30/2008 02:54 PM Pg: 1 of 4

*This space reserved and required for recorders stamp*



### Teodor: Campeanu
Cook County
The State of Illinois
united states of America 1776 AD

Petition for Agreement and Harmony within the admiralty in the Nature of a

## NOTICE OF ADMINISTRATIVE DEFAULT JUDGMENT AND CONFESSIONAL AGREEMENT OF PARTIES CLAIM IN ADMIRALTY ADMINISTRATIVE REMEDY

<u>28 U.S.C. § 1333, §, 1337, and § 2461,</u>
<u>15 U.S.C. 1692 and N.R.S 104.3101 through 104.4504 et. al.</u>

# NOTICE OF DEFAULT

June 27, 2008

Petitioner:    Teodor: Campeanu
Acting as Agent for TEODOR CAMPEANU
c/o 12229 S. Hamlin Avenue
Alsip. Illinois republic
united States of America

Respondents:  NEW CENTURY MORTGAGE CORPORATION
18400 Von Karman Avenue. Suite 1000
IRVINE, CA 92612

And:

1

CARRINGTON MORTGAGE SERVICES LLC
P.O. BOX 54285
IRVINE, CA 92619-4285

In care of:    AUTHORIZED RECEIVING AGENT, Mail Carrier

Respondent is additionally subject to postal
statutes and the jurisdiction of the
Universal Postal Union

## COMMERCIAL OATH AND VERIFICATION

Cook County          )
                     )              Commercial Oath and Verification
State of Illinois    )

Petitioner, Teodor: Campeanu, under his Commercial Oath with unlimited liability proceeding in
good faith, being of sound mind states that the facts contained herein are true, correct, complete
and not misleading to the best of Petitioner's knowledge and belief under penalty of International
Commercial Law and the laws of the united States of America. Teodor: Campeanu, will also sign
by accommodation on behalf of TEODOR CAMPEANU.

Teodor: Campeanu, Agent, Petitioner

State of Illinois          )
                           )        ss
Cook County                )

Subscribed before me, _Phyllis M. Miceli_ , a Notary Public, this 27th day of

_June_ , 2008 A.D.

Notary Public

OFFICIAL SEAL
PHYLLIS M MICELI
Notary Public - State of Illinois
My Commission Expires May 4, 2009

2

*COMES NOW,* Teodor: Campeanu, Petitioner, demanding his right to exhaust his Administrative Remedy prior to entering any court, for a Magistrate or Judge to rule in any remaining disputes between the parties.

## STATEMENT OF FACTS

1.  On or about April 26, 2008, Petitioner, with good faith, clean hands and at arms length, offered Tender of Payment of a negotiable instrument in the form of a Promissory Note to pay/discharge a debt in full compliance with the Uniform Commercial Code Article 3, Nevada State Commercial Code Article 3, and an Act of Congress, House Joint Resolution 192 (H.J.193 73rd cong. 1st Session) to CARRINGTON MORTGAGE SERVICES LLC. Said Tender and Promissory Note, sent under Registered Mail No. **RB 603 888 175 US**, was received by CARRINGTON MORTGAGE SERVICES LLC on May 12, 2008.

2.  Petitioner granted CARRINGTON MORTGAGE SERVICES LLC, thirty (30) days to respond, or in the alternative, admit payment was accepted. Petitioner never received the instrument back from the CARRINGTON MORTGAGE SERVICES LLC, clearly noting acceptance of payment.

3.  On or about June *27*, 2008, NEW CENTURY MORTGAGE CORPORATION and CARRINGTON MORTGAGE SERVICES LLC received service of a Demand for the production and proof of owner of the original mortgage (Promissory Note) and agreement which gives NEW CENTURY MORTGAGE CORPORATION and/or CARRINGTON MORTGAGE SERVICES LLC the rights for actions of foreclosure and collection. Petitioner presented to NEW CENTURY MORTGAGE CORPORATION and CARRINGTON MORTGAGE SERVICES LLC two (2) offers of settlement and resolution.

4.  Petitioner has received no response from the NEW CENTURY MORTGAGE CORPORATION or CARRINGTON MORTGAGE SERVICES LLC. By non-response NEW CENTURY MORTGAGE CORPORATION and CARRINGTON MORTGAGE SERVICES LLC agrees to **Offer B** of the Demand. And additionally, by NEW CENTURY MORTGAGE CORPORATION and CARRINGTON MORTGAGE SERVICES LLC remaining silent is also fraud, pursuant to *U.S. v. Tweel*, 550 F.2d 297, 299 (5th Cir. 1977) (silence can only be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading)

5.  NEW CENTURY MORTGAGE CORPORATION and CARRINGTON MORTGAGE SERVICES LLC are in Default.

6.  As an operation of law, NEW CENTURY MORTGAGE CORPORATION and CARRINGTON MORTGAGE SERVICES LLC have admitted to the agreement of **Offer B** to immediately reconvey the Title (Deed) to Petitioner as stipulated therein.

2008-07-18 23:03                    >>   8666784128                                                                P 4/4

## ADMITTED ANSWERS

**Statement:** The Administrative Record for Petitioner's Request/Demand of Proof of Claim and Offer Commercial Claim within the Admiralty Administrative Remedy, as identified in Statements 1 and 3 above, shows that all of the Inquires in said file have been agreed to Admitted/Acknowledged by *tacit procuration* by Respondent's failure/refusal or choice not to respond.

**Response:** Respondent admits the answer is: **Offer B**

*Further Petitioner sayeth naught.*

## DEFAULT

**ESTOPEL BY ACQUIESCENCE:** NEW CENTURY MORTGAGE CORPORATION and CARRINGTON MORTGAGE SERVICES LLC admit the statements and claims by TACIT PROCURATION and all issues are deemed settled RES JUDICATA, STARE DECISIS and COLLATERAL ESTOPPEL. Based upon the NEW CENTURY MORTGAGE CORPORATION and CARRINGTON MORTGAGE SERVICES LLC default to Petitioner's administrative process, NEW CENTURY MORTGAGE CORPORATION and CARRINGTON MORTGAGE SERVICES LLC may not argue, controvert, or otherwise protest the finality of the administrative findings in any subsequent process, whether administrative or judicial.

Given under my hand and seal this the _27_ day of _JUNE_ of 2008 *anno Domini.*

Prepared and submitted by:

Teodor Campeanu, Petitioner

LOT 48 IN HOLLAND TERRACE, BEING A SUBDIVISION IN THE SOUTHEAST 1/4 OF SECTION 22, TOWNSHIP 36 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THERE OF REGISTERED IN THE OFFICE OF THE REGISTRAT OF TITLES OF COOK COUNTY, ILLINOIS, ON NOVEMBER 16, 1961 AS DOCUMENT NO: 2008368
PROPERTY INDEX # 29-22-409-024-0000